**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CITY OF HOUSTON, TEXAS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-02532 |
| | § | |
| **XEROX STATE AND LOCAL** | § | |
| **SOLUTIONS, INC., a/k/a and f/k/a ACS** | § | |
| **STATE AND LOCAL SOLUTIONS,** | § | |
| **INC.,** | § | |
| | § | |
| Defendant. | § | |

## STATEMENT REGARDING REMOVAL

Defendant, Xerox State and Local Solutions, Inc. ("Xerox"), pursuant to the Court's Order in Removed Cases [Doc. 2], hereby files this Statement Regarding Removal:

1. **The date(s) on which defendant(s) or their representative(s) first received a copy of the summons and complaint in the removed state court action.**

   Xerox first received a copy of the summons and complaint when it was served with summons and Plaintiff's Original Petition ("Petition") on August 2, 2013. The Notice of Removal was filed with 30 days of that date.

2. **In actions removed pursuant to the court's diversity jurisdiction, list the citizenship of all parties (including the citizenship of each member of a partnership or other type of business association). Specifically identify whether any defendants who have been served are citizens of Texas.**

   Plaintiff, The City of Houston, is a Texas home rule municipal corporation, established by and functioning under its City Charter with its place of business in Houston, Harris County, Texas as reflected in Paragraph 1 of the Petition. (Ex. B). Plaintiff is, therefore, a citizen of the State of Texas for purposes of diversity jurisdiction.

Defendant, Xerox State and Local Solutions, Inc., is a New York corporation with its principal place of business in Fairfax, Virginia. Defendant is, therefore, a citizen of the State of New York and the Commonwealth of Virginia for diversity purposes. 28 U.S.C. § 1332(c)(1). Complete diversity therefore exists. No defendants, served or otherwise, are citizens of Texas.

3. **In actions removed based on diversity jurisdiction, the amount alleged to be in controversy and the basis for this amount.**

Plaintiff's Petition does not specify an amount in controversy. In such a case, the defendant may establish that the amount in controversy exceeds the jurisdictional limitations. *E.g.*, *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410–12 (5th Cir. 1995). When the validity of a contract or a right to property is called into question, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir.1961).

The value of this dispute undoubtedly exceeds the minimum for diversity jurisdiction. In 2002, Plaintiff and Xerox entered into a Contract for Ambulance Fee Collections Services ("the EMS Contract"). Under the EMS Contract, Xerox provided Plaintiff—The City of Houston—with billing and collection services for fees charged to emergency medical service patients who were transported by Houston emergency services personnel to a receiving hospital. (Ex. B, p. 302) ("Scope of Services"). In addition to collection services, Xerox provided Plaintiff with a fully-integrated electronic patient care billing and reporting system, which included system design, ruggedized computer hardware for EMS personnel, project management of hardware mounting in EMS vehicles, wireless data transmission services, integration with CAD systems, spare equipment inventory management, and financing—to name a few. The value of the computer hardware computer and software in 2011—alone—exceeded $1 million.

2

Xerox's fee under the EMS Contract was a flat contingency fee based on the gross revenue of collections for each month. (*Id*., p. 328) ("Payment of Fees"). Each year during the EMS Contract, total emergency service charges and net revenue from collections exceeded several million dollars.

Plaintiff here alleges Xerox breached the EMS Contract by (1) failing to comply with warranties; (2) failing to dedicate adequate systems, services, and qualified personal to deliver the services covered by the EMS Contract; (3) failing to maintain an education and training program; (4) failing to insure submissions for reimbursement were accurate and compliant; (5) failing to comply with state and federal law, regulation, legal requirements, business practices, and codes of conduct; (6) failing to timely perform obligations; (7) failing to property calculate its fees; (8) failing to provide the required reports; (9) failing to provide data platforms and accesses; and (10) failing to provide a mechanism to ensure internal rules, regulations, and policies were revised to comply with regulatory and legal changes. (Ex. B, pp. 253-270). Xerox denies these allegations. In fact, it was Plaintiff who first breached the contract.

In addition to various alleged breaches of the EMS Contract, Plaintiffs allege Xerox engaged in actual and constructive fraud, made negligent misrepresentations, breach warranties, breached a fiduciary duty, is holding funds belonging to Plaintiff in a constructive trust, converted Plaintiff's property, was negligent, was grossly negligent, was unjustly enriched. Plaintiff also seeks an accounting, declaratory judgment, and attorney's fees and costs. Xerox denies these allegations.

While Xerox strongly denies these allegations, considering the value of the EMS Contract, as well as Plaintiff's allegations of fraud, conversion, and breach of fiduciary duty, the

value of this dispute clearly exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over this civil action which involves a controversy between citizens of different states concerning an amount that exceeds $75,000.   28 U.S.C. § 1332(a).

4.      **In actions removed based on diversity jurisdiction pending more than one year in state court, specify why the case should not be summarily remanded.**

This case was file on July 26, 2013 and has not been pending for more than one year. Xerox was served on August 2, 2013.   Removal was filed on August 29, 2013—within 30 days of service and within one year of the commencement of the action.   Removal is, therefore, timely under 28 U.S.C. § 1446(b)(1), (c)(1).

5.      **Identify any defendant that did not join in the notice of removal and explain why.**

None.   Xerox is the only Defendant and it filed the Notice of Removal.

Dated:   September 6, 2013

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/ *Michael W. Mengis*
   Michael W. Mengis
   State Bar No. 13941040
   Bradley K. Jones
   State Bar No. 24060041
   811 Main Street, Suite 1100
   Houston, Texas   77002
   Telephone:  (713) 751-1600
   Facsimile:   (713) 751-1717
   Email:  mmengis@bakerlaw.com;
        bkjones@bakerlaw.com

ATTORNEYS FOR DEFENDANT,
XEROX STATE AND LOCAL SOLUTIONS, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of September, 2013, a true and accurate copy of the foregoing document was electronically filed with the Court and served on counsel of record for all parties pursuant to the Court's ECF filing system.

                                                    /s/ *Michael W. Mengis*
                                                    Michael W. Mengis