IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| City of Houston, § | | |
| Plaintiff, § | | Case No. 4:13-cv-02532 |
| v. § | | (Jury Trial Demanded) |
| Xerox State and Local Solution, Inc., § | | |
| a/k/a and f/k/a ACS State and Location § | | |
| Solution, Inc. § | | |
| Defendant. § | | |

City of Houston's Answer and Affirmative Defenses to Xerox's Counterclaim

Part I of this pleading contains plaintiff/counterclaim defendant City of Houston, Texas's (the "City") answer to defendant/counterclaim plaintiff Xerox State and Local Solutions, Inc.'s ("Xerox") counterclaim. Part II of this pleading contains the City's affirmative defenses.

I.

Answer

1.     The City admits that Xerox is a New York corporation and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the remaining allegations in this paragraph.

2.     The City admits the allegations of this paragraph.

3.     The City admits the allegations of this paragraph.

4.     The City admits the allegations of this paragraph but denies that Xerox is entitled to the relief it seeks.

5.     The City admits the allegations of this paragraph except the City denies that the HIPAA Business Associate Agreement, included in Exhibit 3 to Xerox's counterclaim, is identical to the HIPAA Business Associate Agreement included in Exhibit 3 to the City's First Amended Petition.

1

6. With respect to the first sentence of this paragraph, the City admits that under the EMS Contract Xerox was obligated "to provide billing and collection services," admits that Xerox also had other obligations as specified in the contract, admits that the EMS Contract speaks for itself, and notes that Xerox breached its contractual obligations to the City. With respect to the second sentence of this paragraph, the City admits that under the EMS Contract Xerox was to receive a fee for its services as specified in the contract, admits that the EMS Contract speaks for itself, and notes that Xerox incorrectly calculated its fees resulting in overpayments by the City.

7. The City admits that the EMS Contract provides for multiple methods of termination of the contract including termination "for Convenience" as specified in the contract, admits that the EMS Contract speaks for itself, and admits that Xerox correctly (albeit partially and selectively) quotes certain words from the contract except that Xerox incorrectly capitalized the f in "for."

8. The City admits that the EMS Contract provides for multiple methods of termination of the contract including termination "for Cause" as specified in the contract, admits that the EMS Contract speaks for itself, admits that Xerox correctly (albeit partially and selectively) quotes certain words from the contract, and denies Xerox's interpretation, descriptive language, and commentary to the extent it seeks to vary the EMS Contract's terms and otherwise offer Xerox's opinions.

9. The City admits that in May 2013 it sent Xerox a letter, admits that the letter speaks for itself, admits that Xerox correctly (albeit partially and selectively) quotes certain words from the letter, denies and disagrees with Xerox's use of self-serving inflammatory language (e.g. "vague," "no sort of meaningful description," "made it impossible") to describe

the letter, and denies Xerox's interpretation, descriptive language, and commentary to the extent it seeks to vary the letter's terms and otherwise offer Xerox's opinions.

10. The City admits that in June 2003 Xerox sent the City a letter in which Xerox purported to respond to some aspects of the City's May 2013 letter, admits that the letter/response speaks for itself, admits that Xerox correctly (albeit partially and selectively) quotes certain words from the letter, denies that Xerox adequately responded to or provided the information requested in the City's May 2013 letter, and denies Xerox's interpretation, descriptive language, and commentary to the extent it seeks to vary the letter's terms and otherwise offer Xerox's opinions. With respect to the fourth sentence of this paragraph, the City denies Xerox's allegation that the City refused to provide a meaningful description of Xerox's defaults, admits that it terminated Xerox for cause effective July 25, 2013, and denies the remaining allegations of this sentence, and denies the remaining allegations of this paragraph.

11. The City admits that Xerox submitted an invoice, admits that the invoice speaks for itself, denies Xerox's reference to "wrongful termination," denies that Xerox was wrongfully terminated, denies Xerox's suggestion that the City does not dispute Xerox's purported entitlement to $2,461,988.14, denies Xerox's claim of entitlement to so-called "outstanding" or other amounts, and denies Xerox's interpretation, descriptive language, and commentary to the extent it seeks to vary the invoice's terms and otherwise offer Xerox's opinions.

12. The City denies that it improperly terminated Xerox, admits that it instructed Xerox to cease billing on its behalf, denies that the City caused damages to Xerox, notes that the EMS Contract speaks for itself, and denies Xerox's interpretation, descriptive language, and commentary to the extent it seeks to vary the invoice's terms and otherwise offer Xerox's opinions.

13. With respect to the first sentence of this paragraph, the City admits that the Request for Council Action attached as exhibit 7 to Xerox's counterclaim has an origination date of July 23, 2013 and an agenda date of July 31, 2013, denies Xerox's reference to "wrongful termination," denies that Xerox was wrongfully terminated, admits that the "subject" of the Request refers in part to "a professional services agreement between the City of Houston and Digitech Computer, Inc. (DIGITECH) relating to the billing of fees for emergency medical services (EMS) including ambulance transports and associated collections activities," admits that the document speaks for itself, and denies Xerox's interpretation, descriptive language, and commentary to the extent it seeks to vary the Request's terms and otherwise offer Xerox's opinions. With respect to the second sentence of this paragraph, the City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and therefore denies the remaining allegations in this paragraph.

14. The City incorporates its responses above.

15. The City denies that Xerox is entitled to the relief it seeks.

16. The City incorporates its responses above.

17. With respect to the first sentence of this paragraph, the City admits that the EMS Contract is binding and enforceable against Xerox, and denies that Xerox has fulfilled all of its obligations. The City denies the remaining allegations in this paragraph.

18. The City denies that it breached the EMS Contract, denies that it caused damages to Xerox, denies that Xerox is entitled to the relief it seeks, and generally denies Xerox's allegations in this paragraph.

19. The City incorporates its responses above.

20. The City denies that it engaged in wrongful acts, denies that it caused damages to Xerox, denies that Xerox is entitled to the relief it seeks, and generally denies Xerox's allegations in this paragraph.

21. The City incorporates its responses above.

22. The City denies that it engaged in wrongful acts, denies that it caused damages to Xerox, denies that Xerox is entitled to the relief it seeks, and generally denies Xerox's allegations in this paragraph.

23. The City denies that it was unjustly enriched, denies that Xerox is entitled to the relief it seeks, and generally denies Xerox's allegations in this paragraph.

24. The City incorporates its responses above.

25. The City denies that it engaged in wrongful acts, denies that Xerox is entitled to the relief it seeks, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations with respect to Xerox's motivation for and terms of retaining the law firm that has appeared on its behalf and therefore denies the remaining allegations in this paragraph.

26. The City denies the allegations of this paragraph.

27. The City acknowledges that Xerox has purported to reserve certain rights, and notes that the allegations in this paragraph are statements of legal position rather than allegations of fact and, to the extent a response is required, the City denies the allegations. With respect to Xerox's "prayer" for relief, the City denies that Xerox is entitled to the relief it seeks.

28. With respect to all paragraphs above, all of Xerox's allegations that are not expressly admitted by the City are denied.

II.

Affirmative Defenses

The City incorporates into each of the following affirmative defenses the allegations of fact set forth in ¶¶ 1, 8-36 of its August 7, 2013 First Amended Original Petition and Application for Temporary Restraining Order and Temporary Injunction. (Doc. 1-2.)

1. Xerox has failed to state a claim upon which relief can be granted.

2. Xerox has alleged what it calls "causes of action" that are not actually causes of action.

3. Xerox's claims are barred in whole or in part by Xerox's prior material breaches of the EMS Contract.

4. Xerox's claims are barred in whole or in part by the doctrine of estoppel.

5. Xerox's claims are barred in whole or in part by the doctrine of waiver.

6. Xerox's claims are barred in whole or in part by the doctrine of ratification.

7. Xerox's claims are barred in whole or in part by the existence and terms of the parties' express written contract.

8. Xerox's claims are barred in whole or in part by contract provisions including but not limited to ¶¶ III.D.-E., IV.A.-D., V.E., and VII.J.-K. of the EMS Contract.

9. Xerox's claims are barred in whole or in part by the doctrine of accord and satisfaction.

10. Xerox's claims are barred in whole or in part by the doctrine of payment.

11. Xerox has unclean hands and is not entitled to equitable relief.

12. Xerox's claims are barred in whole or in part by failure of a condition precedent.

13. Xerox's claims are barred, or should be limited or reduced, because Xerox failed to mitigate its alleged damages.

14. The City invokes official, governmental and qualified immunity from Xerox's counterclaims.

## Jury Demand

The City respectfully demands a trial by Jury pursuant to Fed. R. Civ. P. 38(b).

The City respectfully requests that the Court enter judgment in its favor against Xerox on all counts of Xerox's counterclaims, that Xerox take nothing by its counterclaims, and that the City recover all costs incurred in its defense of Xerox's counterclaims together with such and further relief to which the City may justly be entitled.

Dated: September 17, 2013

                                        Respectfully submitted,

                                      DAVID M. FELDMAN

                                      s/ David M. Feldman

                                      _____
                                      David M. Feldman
                                      City Attorney
                                      Texas Bar No. 06886700
                                      So. District Bar No. 2994
                                      CITY OF HOUSTON LEGAL DEPARTMENT
                                      900 Bagby Street, Fourth Floor
                                      Houston, Texas 77002
                                      832.393.6491 (telephone)
                                      832.393.6259 (facsimile)
                                      david.feldman@houstontx.gov
                                      Attorney for Plaintiff and Counter Defendant, the
                                      City of Houston, Texas

Of Counsel:

Lynette K. Fons
First Assistant City Attorney
Texas State Bar No. 13268100
So. District Bar No. 10562
Judith L. Ramsey
Chief, General Litigation Section
Texas Bar No. 16519550
So. District Bar No. 1124189
Lisa A. Ketai
Senior Assistant City Attorney
Texas Bar No. 11362400
So. District Bar No. 16374
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, Fourth Floor
Houston, Texas 77002
832.393.6491 (telephone)
832.393.6259 (facsimile)
lisa.ketai@houstontx.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of September, 2013, a true and accurate copy of the foregoing document, City of Houston's Answer and Affirmative Defenses to Xerox's Counterclaim, was electronically filed with the Court and served on counsel of record for all parties pursuant to the Court's ECF filing system.

> Michael W. Mengis
> Baker & Hostetler LLP
> 1000 Louisiana Street, Suite 2000
> Houston, TX  77002
> Telephone: (713) 751-1600
> Facsimile: (713) 751-1717
> Email: mmengis@bakerlaw.com

Attorney for Defendant/Counterclaimant, Xerox State and Local Solutions, Inc.

> s/ Lisa A. Ketai
> _____
> Lisa A. Ketai
> Sr. Assistant City Attorney