IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| City of Houston, | § | |
|     *Plaintiff,* | § | Case No. 4:13-cv-02532 |
| v. | § | Jury Demanded |
| Xerox State and Local Solutions, Inc., | § | |
| a/k/a and f/k/a ACS State and Local | § | |
| Solutions, Inc. | § | |
|     *Defendant.* | § | |

Joint Discovery and Case Management Plan

1. State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

The parties conferred by telephone at 9:00 a.m. on October 1, 2013. Geoffrey L. Harrison and Matt Behncke, both of Susman Godfrey L.L.P, participated for the City. Michael W. Mengis of Baker Hostetler participated for Xerox.

Geoffrey L. Harrison
State Bar No. 00785947
gharrison@susmangodfrey.com
Matt Behncke
State Bar No. 24069355
mbehncke@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666

Michael W. Mengis
State Bar No. 13941040
mmengis@bakerlaw.com
BAKER HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Fax: (713) 751-1717

1

2. List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

This case was removed from state court Cause No. 2013-43841; *The City of Houston, Texas v. Xerox State and Local Solutions, Inc., a/k/a and f/k/a ACS State and Local Solutions, Inc.*; in the 189th Judicial District Court, Harris County, Texas.  There are no other related cases.

3. Briefly describe what this case is about.

**PLAINTIFF'S RESPONSE:**

The City and Xerox were parties to a contract for ambulance fee collections services ("EMS Contract").  Under the terms of the EMS Contract, Xerox was obligated, among other things, to provide billing and fee collection services for ambulance transportation services provided by the City.  The City claims that Xerox breached the parties' contract by failing to comply with warranties; failing to dedicate adequate systems, services, and qualified personnel to deliver the services covered by the EMS Contract; failing to maintain an education and training program; failing to insure submissions for reimbursement were accurate and compliant; failing to comply with state and federal law, regulations, legal requirements, business practices, and codes of conduct; failing to timely perform obligations; failing to properly calculate its fees; failing to provide the required reports; failing to provide data platforms and accesses; and failing to provide a mechanism to ensure internal rules, regulations, and policies were revised to comply with regulatory and legal changes.  On May 30, 2013, the City issued Xerox a notice of default and intent to terminate the contract for cause.  The City also claims that Xerox engaged in fraud and misrepresentations, breached warranties and fiduciary duties, was grossly negligent, and was unjustly enriched.

**DEFENDANT'S RESPONSE:**

Xerox denies Plaintiff's allegations and alleges Plaintiff improperly attempted to terminate the EMS Contract.  The EMS Contract provides that "[i]f a default occurs [by failing to perform a material duty under the EMS Contract], the injured party shall deliver a written notice to the defaulting party describing the default and the proposed termination date."  Plaintiff wrongfully purported to terminate the EMS Contract "For Cause" by failing to provide a meaningful description of the alleged "material defaults"—making it impossible for Xerox to cure.  Plaintiff did not purport to terminate the EMS Contract for convenience.

Plaintiff also breached the EMS Contract by refusing to pay fees to Xerox for services actually performed.  After Plaintiff wrongfully attempted to terminate the EMS Contract, Xerox submitted an invoice for amounts due under the EMS Contract for $2,461,988.14 and placed Plaintiff on notice that it must remit all fees owed for matters previously noticed or billed for a ninety-day period following the purported termination.  Plaintiff, however, refused to pay the outstanding amount due to Xerox in addition to other damages attributable to Plaintiff's breach of contract.

4. Specify the allegation of federal jurisdiction.

Federal Jurisdiction arises under 28 U.S.C. § 1332.  There is complete diversity because the City is a citizen of the State of Texas for purposes of diversity jurisdiction.  Xerox is a citizen of the State of New York and the Commonwealth of Virginia for diversity purposes.  The amount in controversy exceeds $75,000.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

The City does not anticipate adding any additional parties.  Xerox anticipates that it may add a claim against Digitech.  If Xerox decides to add Digitech, it will do so by January 17, 2014.

7. List anticipated interventions.

None.

8. Describe class-action issues.

None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.

The parties have agreed to make their initial disclosures by October 31, 2013.

10. Describe the agreed discovery plan, including:

   a.   Responses to all the matters raised in Rule 26(f).

The parties agreed to a Rule 16 Scheduling Order, which they will file contemporaneously with this Joint Discovery and Case Management Plan.  The parties also agreed to negotiate an agreed confidentiality order to govern the disclosure of confidential information.

   b.   When and to whom the plaintiff anticipates it may send interrogatories.

The City anticipates that it will serve interrogatories on Xerox by the end of November 2013.

   c.   When and to whom the defendant anticipates it may send interrogatories.

Xerox anticipates that it will serve interrogatories on the City by the end of November 2013.

      d.      Of whom and by when the plaintiff anticipates taking oral depositions.

The City has not yet determined who it intends to depose, though it generally intends to depose corporate representatives of Xerox, and certain current and former employees of Xerox with knowledge of the events at issue in this case. The parties anticipate that they will take fact depositions in early and mid 2014.

      e.      Of whom and by when the defendant anticipates taking oral depositions.

Xerox has not yet determined who it intends to depose, though it generally intends to depose corporate representatives of Plaintiff and certain current and former employees of the City with knowledge of the events at issue in this case. In addition, Xerox anticipates taking the corporate deposition of Digitech and its employees with knowledge of the events at issue. The parties anticipate they will take fact depositions in early and mid 2014.

      f.
          (i) Specify the date experts for parties with the burden of proof on an issue will be designated and their reports provided to opposing party.

The parties have agreed that Plaintiff/Counter-Plaintiff will designate experts and provide reports on or before June 6, 2014.

          (ii) Specify the date experts the opposing parties' experts will be designated and their reports provided to opposing party.

The parties have agreed that Defendant/Counter-Defendant will designate experts and provide reports on or before July 11, 2014.

      g.      List expert depositions the party with the burden of proof anticipates taking and their anticipated complete date.

The City anticipates deposing the experts designated by Xerox, and expects to complete those depositions on or before August 4, 2014.

      h.      List expert depositions the opposing party anticipates taking and their anticipated complete date.

Xerox anticipates deposing the experts designated by the City, and expects to complete those depositions on or before August 4, 2014.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Xerox served requests for production on the City on October 1, 2013. Xerox has also issued a subpoena requesting documents from Digitech, the entity that has taken over the EMS billing and collection for the City.

13. State the date the planned discovery can be reasonably completed.

The parties anticipate that fact discovery can be completed by June 6, 2014, and that expert discovery can be completed by August 4, 2014. The parties note, however, that there are hundreds of boxes of hard copy documents, substantial electronic discovery that likely will take place, issues relating to patient records confidentiality for tens of thousands of people, and these and other considerations may result in fact and expert discovery requiring more time.

14. Describe the possibilities for prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

The parties discussed the possibilities for prompt settlement or resolution of the case and agree that it may be appropriate to engage in settlement discussions after additional discovery.

15. Describe what each party has done or agreed to bring about a prompt resolution.

Counsel for Xerox and the City met in August 2013 to discuss the possibility of a prompt resolution to the case. On October 1, 2013, counsel for the parties agreed to consider alternative dispute resolution techniques, and discussed specific forms of ADR that might be appropriate.

16. From the attorneys' discussion with their clients, state the alternative dispute resolution techniques that are reasonably suitable.

The parties are considering alternative dispute resolution techniques, including mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not consent to trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

The City made a timely jury demand.

19. Specify the number of hours it will take to present evidence in this case.

The parties need additional information before they can make a reasonably informed estimate as to the amount of time necessary to present evidence in this case and have agreed to revisit this

issue as expert discovery and fact discovery progress. At this early stage of the litigation, the parties anticipate it will take 7 to 10 trial days.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

There are no pending motions.

21. List other pending motions.

There are no pending motions.

22. Indicate other matters peculiar to this case, including discovery, that deserve special attention of the court at the conference.

The parties anticipate that discovery may involve records and information protected by the Health Insurance Portability and Accountability Act of 1996. The parties are negotiating a draft protective order to govern the disclosure of confidential information, and note that these and other considerations may result in fact and expert discovery requiring more time.

23. Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.

The City and Xerox each filed on September 20, 2013.

24. List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.

Counsel for the City:
Geoffrey L. Harrison
State Bar No. 00785947
gharrison@susmangodfrey.com
Alexander L. Kaplan
State Bar No. 24046185
akaplan@susmangodfrey.com
Matthew C. Behncke
State Bar No. 24069355
mbehncke@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone:  (713) 651-9366
Fax:  (713) 654-6666

Of Counsel:

David M. Feldman
State Bar No. 06886700
David.Feldman@houstontx.gov
Lynette K. Fons
State Bar No. 13268100
Lynette.Fons@houstontx.gov
Judith L. Ramsey
State Bar No. 16519550
Judith.Ramsey@houstontx.gov
Lisa A. Ketai
State Bar No. 11362400
Lisa.Ketai@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, Fourth Floor
Houston, Texas 77002
Telephone: (832) 393-6491
Fax: (832) 393-6259


Counsel for Xerox:
Michael W. Mengis
State Bar No. 13941040
mmengis@bakerlaw.com
B.Scott McBride
State Bar No. 24002554
smcbride@bakerlaw.com
Bradley K. Jones
State Bar No. 24060041
bkjones@bakerlaw.com
BAKER HOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Fax: (713) 751-1717

Respectfully submitted,

| | |
|---|---|
| */s/ Michael W. Mengis* | */s/ Geoffrey L. Harrison* |
| Michael W. Mengis | Geoffrey L. Harrison |
| Attorney-in-charge | Attorney-in-charge |
| State Bar No. 13941040 | State Bar No. 00785947 |
| mmengis@bakerlaw.com | gharrison@susmangodfrey.com |
| B. Scott McBride | S.D. Adm. #16690 |
| State Bar No. 24002554 | State Bar No. 00785947 |
| smcbride@bakerlaw.com | Alex Kaplan |
| Bradley K. Jones | akaplan@susmangodfrey.com |
| State Bar No. 24060041 | State Bar No. 24046185 |
| bkjones@bakerlaw.com | S.D. Adm. #602421 |
| BAKER HOSTETLER LLP | Matt Behncke |
| 811 Main Street, Suite 1100 | mbehncke@susmangodfrey.com |
| Houston, Texas 77002 | State Bar No. 24069355 |
| Telephone: (713) 751-1600 | S.D. Adm. #1121174 |
| Fax: (713) 751-1717 | SUSMAN GODFREY L.L.P. |
| | 1000 Louisiana Street, Suite 5100 |
| *Attorneys for Xerox State and Local Solutions, Inc.* | Houston, Texas 77002-5096 |
| | Telephone: (713) 651-9366 |
| | Fax: (713) 654-6666 |

*Attorneys for the City of Houston*

Of Counsel:
David M. Feldman
State Bar No. 06886700
Lynette K. Fons
State Bar No. 13268100
Judith L. Ramsey
State Bar No. 16519550
Lisa A. Ketai
State Bar No. 11362400
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, Fourth Floor
Houston, Texas 77002
Telephone: (832) 393-6491
Fax: (832) 393-6259

Certificate of Service

I certify that on October 18, 2013, a true and correct copy of this document properly was served on counsel of record via electronic filing in accordance with the USDC, Southern District of Texas Procedures for Electronic Filing.

*Geoffrey L. Harrison*
Geoffrey L. Harrison